JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5275 PA (AFMx) | Date | September 27, 2019 |
|---|---|---|---|
| Title | James Lee v. Grey Block Pizza, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER

Plaintiff James Lee ("Plaintiff") filed his complaint on June 17, 2019, asserting claims against defendants Grey Block Pizza and Capricon Realty, Inc. ("Defendants"). (Docket No. 1.) Plaintiff has not filed a proof of service for either defendant. And Defendants have not made an appearance in this action. On September 18, 2019, the Court ordered Plaintiff to show cause why this action should not be dismissed for failing to serve the summons and complaint on Defendants within 90 days after the complaint was filed. (Docket No. 13.) The Order required Plaintiff to respond by September 25, 2019, and it warned Plaintiff that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Id.) To date, Plaintiff has not responded despite the passage of time in which to do so.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5275 PA (AFMx) | Date | September 27, 2019 |
|---|---|---|---|
| Title | James Lee v. Grey Block Pizza, Inc. et al. | | |

2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because Defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991. Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the deadline stated in the Court's Order. Nevertheless, Plaintiff has taken no action whatsoever. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

      The Court finds that Plaintiff has abandoned this action and failed to comply with the Court's Order. The Court therefore dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

      IT IS SO ORDERED.